UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DAVID JOHNSON, | 3:11-cv-00487-HDM-VPC |
| Plaintiff, | |
| | **MINUTES OF THE COURT** |
| v. | |
| BRIAN SANDOVAL, *et. al.*, | |
| | April 29, 2013 |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:        LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to strike defendants' motion for summary judgment (#78).[1] Defendants opposed (#82) and plaintiff replied (#97). Plaintiff asks the court to strike defendants' motion for summary judgment (#66) on the grounds that defendants failed to include all of their exhibits when they served plaintiff with a copy of the motion (#78, p. 1). Specifically, plaintiff asserts that defendants' motion failed to include the exhibits within Docket No. 66-23 through Docket No. 66-31, as well as the declaration of James Stogner, the declaration of Dawn Rosenberg, the declaration of Robert LeGrand, and the exhibits to the declaration of Robert LeGrand (#66-33 through #66-36). *Id.* at 9.

On November 15, 2012, defendants filed their motion for summary judgment (#66), along with 364 pages of exhibits (#66-1 through #66-36). On November 20, 2012, plaintiff received defendants' motion via mail; however, the motion did not include the exhibits in Docket No. 66-23 through Docket No. 66-36 (#78, p. 9). The court notes that defendants also provided the court with a printed courtesy copy of their motion for summary judgment. The court's courtesy copy was also missing Docket No. 66-23 through Docket No. 66-36. On December 6, 2012, plaintiff filed a motion to extend the time in which to respond to defendants' motion for summary judgment (#74). On December 11, 2012, the court granted plaintiff's motion, and gave plaintiff until January 9, 2013, to respond to defendants' motion for summary judgment (#76). Thereafter, on December 20, 2012, plaintiff filed a motion to stay briefing (#77). In plaintiff's

---

[1] Refers to the court's docket numbers.

motion, he contended that he had not received all of the exhibits to defendants' motion for summary judgment. The next day, defense counsel reviewed plaintiff's motion to stay briefing (#77), and immediately took steps to resolve the "missing" exhibit issue. Defense counsel filed a notice of re-service/supplemental service of exhibits (#80) with the court, in which defense counsel declared that he had re-printed Docket No. 66-24 through Docket No. 66-31, as well as the declaration of James Stogner, the declaration of Dawn Rosenberg, the declaration of Robert LeGrand, and the exhibits to the declaration of Robert LeGrand (pages D-MSJ 0169 through D-MSJ 0364); and that he had mailed these exhibits to plaintiff.[2]  *Id.* at 3. On January 11, 2013, plaintiff filed his opposition to defendants' motion for summary judgment (#86). On January 24, 2013, the court denied plaintiff's motion to stay briefing, finding that defense counsel had re-served the exhibits in a timely manner (#91).

It is obvious to the court that defendants' failure to include Docket No. 66-23 through Docket No. 66-31, as well as the last five exhibits (Docket No. 66-32 through Docket No. 66-36), in their mailings to both plaintiff and the court was an unintentional clerical error. To strike defendants' motion for summary judgment would be unwarranted and would result in extreme prejudice to defendants. In addition, after defense counsel served plaintiff with the missing exhibits, plaintiff had almost three weeks to complete his opposition to defendants' motion for summary judgment. Accordingly, the court **DENIES** plaintiff's request to strike defendants' motion for summary judgment.

Plaintiff also asks the court to strike portions of his deposition transcript concerning his underlying conviction (#78, p. 5). Plaintiff contends that defense counsel's questioning about his underlying conviction did not elicit admissible evidence, and that these portions of the transcript should be stricken.

The court finds that plaintiff's evidentiary objection is premature. Rather, plaintiff may re-submit his request to exclude evidence related to his underlying conviction via a motion in limine if and when this case proceeds to trial.

Finally, plaintiff asks the court to strike his entire deposition transcript because he was forced to wear restraints during the deposition (#78, pp. 5-7). Plaintiff contends that wearing restraints during his deposition violated his Eighth Amendment rights. *Id.* at 5. Plaintiff also contends that the application of restraints prevented him from receiving a "fair examination," which violated Fed.R.Civ.P. 30(d)(3)(A).[3]  *Id.*

Plaintiff is reminded that whether he should, or should not, have been placed in restraints (and whether being placed in restraints violated his Eighth Amendment rights) is not an issue in this lawsuit. Further, plaintiff offers no legal authority that would warrant striking his deposition testimony simply because prison officials required him to wear restraints during his deposition.

---

[2] The court notes that plaintiff (and the court) did not receive Docket No. 66-23 through Docket No. 66-36. However, defense counsel only re-served Docket No. 66-24 through Docket No. 66-36. As Docket No. 66-23 consists of a one page letter that plaintiff sent to Director Cox, the court finds that no prejudice inures to plaintiff for defense counsel's failure to include this exhibit in defendants' supplemental service.

[3] Plaintiff further complains that his deposition corrections were not attached to the transcript, pursuant to Fed.R.Civ.P. 30(e)(2). Defendants have stipulated that plaintiff's deposition corrections should be attached to the transcript. The court assures all parties that it is in receipt of plaintiff's deposition corrections (#85).

Accordingly, the court **DENIES** plaintiff's request to strike his deposition transcript in its entirety.

For the aforementioned reasons, and good cause appearing, plaintiff's motion to strike defendants' motion for summary judgment (#78) is hereby **DENIED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
Deputy Clerk
